This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: _____**

**CITY OF LAS CRUCES,**

Complainant-Appellant,

v.                                                            **No. 34,339**

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

Appellee,

and

**MOONGATE WATER COMPANY, INC.,**

Respondent-Appellee.

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**


Keleher & McLeod, P.A.
Kurt Wihl
Thomas C. Bird
Anastasia S. Stevens
Albuquerque, NM

Office of the City Attorney
Harry Sinclair Connelly, Jr.
Marcia B. Driggers

Las Cruces, NM

for Appellant

Lisa G. Adelman
Michael C. Smith
Santa Fe, NM

for Appellee New Mexico Public Regulation Commission

Cuddy and McCarthy LLP
Patricia S. Ives
Patrick T. Ortiz
Young-Jun Roh
Santa Fe, NM

for Appellee Moongate Water Company, Inc.

## DISPOSITIONAL ORDER OF REVERSAL

{1}     This direct appeal having come before the full Court, the Justices having read the briefs, heard oral argument, and otherwise having fully informed themselves on the issues and applicable law as raised by the parties; and

{2}     All of the Justices having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the state;

**IT IS ADJUDGED AS FOLLOWS.**

{3}     Moongate Water Company is a public water utility with operations throughout the East Mesa of Las Cruces, New Mexico. Moongate is subject to the New Mexico

2

Public Utility Act (the PUA), NMSA 1978, §§ 62-1-1 to -6-28 (1884, as amended through 2013) and NMSA 1978, §§ 62-8-1 to -13-15 (1941, as amended through 2011); *see* § 62-13-1 (specifying the statutes under the PUA). Between July 2005 and April 2007 Moongate filed three extension of service reports—Line Extensions Nos. 9, 10, and 11—with the New Mexico Public Regulation Commission under 17.5.440 NMAC proposing to expand its infrastructure to deliver water to several developing areas of the East Mesa.

{4}     In May 2007, the City of Las Cruces, which operates its own municipal water utility that has not elected to come under the PUA, filed a complaint with the PRC against Moongate pursuant to Section 62-10-1 which authorizes the PRC to hear complaints from municipalities acting in "the public interest or the interest of consumers." The City's complaint under Section 62-10-1 implicates the doctrine of parens patriae wherein a government seeks to prosecute a lawsuit on behalf of its citizens. *See City of Albuquerque v. N.M. Pub. Serv. Comm'n*, 1993-NMSC-021, ¶ 19 n.8, 115 N.M. 521, 854 P.2d 348 ("*Parens patriae* . . . has become a concept of [the] standing [of a government] to protect those quasi-sovereign interests such as . . . welfare of the people." (internal quotation marks and citation omitted)). In essence, the City's complaint asserted that Moongate lacked the legal authority and the financial and operational capacity to undertake Line Extensions Nos. 9, 10, and 11.

{5}     The PRC assigned the case to a hearing examiner and ordered Moongate to file an answer and the PRC Utility Division Staff (Staff) to file a pleading addressing

3

jurisdiction and probable cause, as required by former rule 17.1.2.18 NMAC (12/31/2001); *see also* 1.2.2.15 NMAC (replacing 17.1.2.18 NMAC on 09/01/2008). In its filing, Staff argued that the PRC had subject matter jurisdiction over Moongate's rates and charges, the adequacy of its service, and its service area and that Section 62-10-1 allowed municipalities to file complaints but that the PRC should dismiss all claims in the complaint that challenged Moongate's authority to serve because the City lacked *standing* insofar as it was seeking to protect the interests of its municipal utility. The only part of the complaint that Staff believed the PRC did have jurisdiction to hear was the claim regarding Moongate's failure to obtain approval for the per-lot fees, which Staff believed was a genuine parens patriae effort by the City to protect the interests of its inhabitants.

{6}	The hearing examiner issued a recommended decision on jurisdiction and probable cause stating that the City's complaint should be dismissed for lack of jurisdiction because it involved a territorial dispute over which the PRC did not have jurisdiction. The hearing examiner concluded, "Basically, the City alleges that Moongate, because it cannot provide just, reasonable and adequate service, should be prevented from expanding into the new territory, thereby allowing the City to be the sole provider of utility service in that area." As for the per-lot fees, the hearing examiner recommended that Moongate file an application with the PRC for its approval.

{7}	Four years passed before the PRC took any action on this case—in part because

4

the parties were actively litigating another case in the Court of Appeals and this Court. *See Moongate Water Co. v. City of Las Cruces*, 2013-NMSC-018, ¶ 15, 302 P.3d 405 (holding that Moongate's certificate of public convenience and necessity does not prevent the City's municipal utility from competing in the certified area). Soon after this Court issued that opinion, the PRC issued its final order in this case, essentially adopting the recommendations of the hearing examiner by dismissing the City's complaint for lack of jurisdiction and opening a separate docket to investigate the per-lot charges. "Given the length of time that has passed since the issuance of the [hearing examiner's] Recommended Decision" the PRC directed Staff to investigate the per-lot charges independently rather than adopting the hearing examiner's recommendation to order Moongate to file an application for them.

{8}     On direct appeal to this Court pursuant to Section 62-11-1, the City argued that the PRC should not have dismissed its complaint because the PRC has jurisdiction under Section 62-10-1 to hear complaints by municipalities acting as parens patriae to protect residents from unreasonable service practices and rates relating to public utility line extensions. We agree with the City.

{9}     The PRC in this case manufactured a jurisdictional bar through an overly expansive reading of our opinion in *Moongate Water Co.* To clarify, our holding in *Moongate Water Co.* does not abrogate the PRC's jurisdiction over parens patriae complaints. Municipalities—including those with their own utilities that do not fall under the PUA—have standing under Section 62-10-1 to complain on behalf of their

citizens to the PRC. Once such a complaint is filed, the PRC must determine whether there is probable cause for the complaint. Beyond this mandatory probable cause determination, the PRC has discretion under Section 62-10-1 to decide how to handle the case.

{10}    Although this appeal is moot because the PRC is currently addressing the issues in the City's complaint in PRC Case No. 14-00098-UT, the City has standing to intervene and be heard in that matter.

{11}    **IT IS SO ORDERED.**


_____
**CHARLES W. DANIELS, Justice**


_____
**BARBARA J. VIGIL, Chief Justice**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**RICHARD C. BOSSON, Justice**


_____

6

**EDWARD L. CHÁVEZ, Justice**